IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

American Casualty Company of
Reading, PA, *et al.*,

                    Plaintiffs

      v.

Continental Properties, Inc., *et al.*,

                  Defendants

:

:    Civil Action 2:11-cv-01049

:

:    Judge Marbley

:

:    Magistrate Judge Abel

:

:

:

# ORDER

This matter is before the Magistrate Judge on the January 4, 2012 motion to intervene of Beckett Ridge Communities, LLC ("Beckett Ridge Communities") and Harris Boulevard Communities I, LLC ("Harris Boulevard Communities")  (doc. 17).

## I.    Background

Plaintiffs American Casualty Company of Reading, PA, Continental Casualty Company, and Valley Forge Insurance Company filed this declaratory judgment action against their insureds, defendants Continental Properties, Inc and Slate Rock Construction Company, Ltd. (collectively, "Slate Run") to determine whether plaintiffs are obligated to defend or indemnify under their policies of insurance for the claims, causes of action, and damages which are the subject of a lawsuit brought against Slate Rock by Beckett Ridge Communities. Movants Beckett Ridge Communities and Harris Boulevard Communities seek to intervene in this action.

II.     **Arguments of the Parties**

A.     **Plaintiffs**

Plaintiffs argue that the movants cannot establish that they have a substantial legal interest in the subject matter of this litigation. Plaintiffs have not obtained a judgment in the underlying tort action, and any purported interest is nothing more than a contingency. According to plaintiffs, such a contingent interest does not provide the movants with a legally cognizable claim for intervention. Purely economic interests do not constitute a substantial legal interest. Plaintiffs maintain that even if the movants have a substantial legal interest, it would not be impaired by denial of their motion to intervene because Slate Rock is more than adequately representing their interest.

Plaintiffs further argue that intervention is not warranted because the coverage action and the underlying action do not involve the same issue of whether Slate Rock is covered under the insurance companies' policies, and there are no common questions of law or fact existing between the movants and the declaratory judgment action. Plaintiffs contend that permitting movants to intervene would prejudice their interests in the action. This action presents questions of laws, but movants have requested that the matter be decided by a jury.

Plaintiffs further argue that the motion to intervene further illustrates the collusive behavior between Slate Rock and movants. Plaintiffs maintain that the movants and Slate Rock are related entities, both of which are owned principally by Nationwide Realty Investors. A settlement agreement has been reached between the

movants, Slate Rock, Nationwide Realty Investors and Cincinnati Insurance Company, in which the Cincinnati Insurance Company is released from liability. The movants and Nationwide Realty Investors agreed to pursue any judgment that they obtain against Slate Rock from plaintiffs. Having released Cincinnati Insurance Company from liability, movants seek to intervene in this action to make plaintiffs responsible for what would have been Cincinnati Insurance Company's allocated share of defense costs and indemnity. After having reached the settlement agreement, movants now contend that they have the right to intervene because plaintiffs are the only means to satisfy any judgments against Slate Rock. This is the result, however, of the movants' own doing.

### B.    Movants

Beckett Ridge Communities and Harris Boulevard Communities maintain that they satisfy the requirements to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Movants argues that the Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Movants argue that an economic interest is a substantial legal interest. Movants contend that they have great interest in the judgment action because the insurance policies at issue represent the only source by which they may satisfy a state court judgment. Slate Rock is effectively judgment proof because it is not responsible for satisfying a judgment in favor of movants.

3

Movants argues that the Sixth Circuit cases relied upon by plaintiffs are legally and factually distinguishable from this action. Movants argue that in *United States v. Tennessee*, 260 F.3d 587 (6th Cir. 2001), the Sixth Circuit relied heavily on the fact that the proposed intervenor's motion was untimely. In *Blount-Hill v. Board of Educ. of Ohio*, 195 F. Appx. 482 (6th Cir. 2006), Judge Clay, in his concurrence, noted that the Sixth Circuit had not definitively resolve whether an economic interest could support an intervention as of right. Rather, an economic interest that was unrelated to the alleged statutory and constitutional violations could not support intervention as of right. Movants maintain that an economic interest in a declaratory judgment action based purely on an economic motive constitutes a significant legal interest for intervention.

Movants maintain that under Ohio law a declaratory judgment action between an insurer and its insured is only binding upon a third-party plaintiff in a separate action only if the insured initiated the action or if the plaintiff participated in the declaratory judgment action. Movants also argue that if plaintiffs had filed this action in state court, there is little question that they would have been permitted to participate.

Movants also argue that Slate Rock does not have sufficient incentive to adequately represent the interests of movants because of a settlement agreement with movants and Cincinnati Insurance Company. Movants maintain that the settlement with Slate Rock and Cincinnati was an arm's length transaction and that they and Slate Rock are not related entities. Because Slate Rock loses nothing if the Court declares

4

plaintiffs have no obligation to defend or indemnify Slate Rock, movants' interest are not adequately represented.

Movants further argue that they should be permitted to intervene under Rule 24(b) because their claims and defenses share common questions of law or fact with this action. The underlying action and this action under intertwined. Movants also maintain that intervention will not unduly delay or prejudice the rights of the original parties.

### III.    Discussion

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
. . .
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24(a) has been construed to require a party attempting to intervene to establish (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and, (4) inadequate representation of that interest by parties already before the court. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Here, there is no argument that the motion to intervene is timely. Rather, plaintiffs primarily argue that the movants have no substantial legal interest in the case. The Sixth Circuit has not decided whether it is appropriate to permit a claimant to

intervene in an insurance declaratory judgment action. On two occasions, the Sixth Circuit has denied a motion to intervene on the ground that the movant's economic interest in the matter did not constitute a substantial interest in the litigation. In *United States v. Tennessee*, 260 F.3d 587 (6th Cir. 2001), the United States and private plaintiffs brought suit against the State of Tennessee regarding the operation of its mental health system alleging that it had violated the constitutional and statutory rights of individuals who were mentally retarded and developmentally disabled.  Community Rehabilitation Agencies of Tennessee ("CMRA"), an association of service providers, moved to intervene in the lawsuit. CMRA maintained that it had a substantial interest in the litigation because of its economic interest in how community service programs are funded and the procedure established in the settlement agreement concerning how community-based services are provided. The Sixth Circuit relied on the fact that CMRA's interest in the litigation did not concern the constitutional and statutory violations alleged in the litigation, but rather how much its members got paid for providing services. The Sixth Circuit concluded that CMRA did not have a sufficient interest in the litigation:

> Implementation of the settlement agreement does not alter CMRA's economic interests with the State to provide support and services to the class members nor its ability to negotiate the terms of these contracts. . . . CMRA can protect its economic interests in contract negotiations with the State by lobbying the legislative and executive branches for favorable funding arrangements, and in state courts by suing to enforce its contract rights.

*Id.* at 595-96.

6

In *Blount-Hill v. Board of Education*, 195 Fed. Appx. 482 (6th Cir. 2006), education association members and parents of school-aged children in Ohio filed a complaint against the Ohio Department of Education and others alleging that Ohio's Community Schools Act violated the Ohio and federal constitutions. White Hat Management, LLC ("White Hat"), a professional education management firm providing services to community schools, moved to intervene in the action. White Hat's interest in seeking to intervene was economic in nature as state funds were the sole source of funding for community schools. The Sixth Circuit concluded that White Hat lacked a substantial legal interest in the litigation for purposes of Rule 24(a). White Hat sought to preserve the constitutionality of the community school's funding structure so that it could continue to provide services to those schools. White Hat's interest did not concern the constitutional or statutory violations alleged in the litigation, and its economic interest was insufficient for purposes of intervention. Movants, however, note that Judge Clay's concurring opinion emphasized that the Sixth Circuit had not "definitively resolved whether an economic interest can ever suffice to support intervention as of right." *Id.* at 487. Judge Clay stated that "presumably a sufficiently substantial economic interest could support intervention as of right" despite previous decisions finding that "an economic interest *unrelated to the alleged statutory and constitutional violations* could not support intervention as of right." *Id.* (emphasis in original).

There is a split in circuit authority on the issue of whether a state court litigant against an insurance company's insured may intervene in a federal court declaratory

judgment action brought by the insurance company against its insured. The Eleventh Circuit has held that a party seeking to intervene under Rule 24(a)(2) must have a "direct, substantial and legally protectable interest" in the subject matter of the litigation. *Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc.,* 425 F.3d 1308, 1311 (11th Cir. 2005) *citing Georgia v. United States Army Corps of Engineers*, 302 F.3d 1242, 1249 (11th Cir. 2002). Since the state court litigant suing the insurance company's insured had "no legally protectable interest in that insurance policy," his purely economic interest in the declaratory judgment action was insufficient to permit intervention. *Id.*

In contrast, the Seventh Circuit held in *Security Insurance Company of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1995) that a litigant suing an insurance company's insured has an interest in a declaratory judgment action that would be jeopardized if default judgment were entered against the insured.

The Sixth Circuit case law indicates that the circuit has an expansive notion of the interest sufficient for intervention under Rule 24(a)(2). *Gutter v. Bollinger,* 188 F.3d 394, 398 (6th Cir. 1999). Further, no specific legal or other equitable interest is required to support intervention. 188 F.3d at 399. A close case calls for intervention. *Id.* Finally, only a minimal showing of possible inadequate representation is required. *Id.*

Both the Southern District and Northern District of Ohio have held that a state court litigant against an insurance company's insured has a sufficient interest under Rule 24(a)(2) in a federal declaratory judgment action brought by the insurance

8

company against its insured to intervene. *Indiana Insurance Company v. Midwest Maintenance,* 2000 WL 987829 (S.D. Ohio January 7, 2000); *St. Paul Fire & Marine Insurance Co. v. Sumit-Warren Industries Co.,* 143 F.R.D. 129, 133-35 (N.D. Ohio 1992).

I conclude that Beckett Ridge Communities and Harris Boulevard Communities have a substantial legal interest in the case. I am persuaded that this case can be distinguished by the holdings in *United States v. Tennessee* and *Blount-Hill v. Board of Education* on the basis that the economic interests at issue were unrelated to the alleged statutory and constitutional violations in the case. Here, the economic interest is clearly related to the transaction which is the subject of the declaratory judgment action. Beckett Ridge Communities and Harris Boulevard Communities have also demonstrated that their ability to protect that interest may be impaired and that the existing parties do not adequately represent their interests. Plaintiffs are the only source of recovery for movants in the event that their action against Slate Rock is successful. Plaintiffs maintain that this is because of movants' own actions, but that does not alter the fact that no other source of compensation is available to them. Furthermore, because movants cannot recover from Slate Rock if they succeed on their state court action, Slate Rock does not have a great incentive for vigorously defending this action.

For the reasons stated above, the January 4, 2012 motion to intervene of Beckett Ridge Communities, LLC ("Beckett Ridge Communities") and Harris Boulevard Communities I, LLC ("Harris Boulevard Communities")  (doc. 17) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge